**Arturo R. CORA, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General of the United States, Defendant.**

**Civ. No. 90–1745 (JAF).**

United States District Court, D. Puerto Rico.

July 16, 1991.

Arturo R. Cora, pro se.

Fidel A. Sevillano–del Río, Asst. U.S. Atty., Civ. Div., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., for defendant.

OPINION AND ORDER

FUSTE, District Judge.

Plaintiff Arturo Cora, a United States Postal Service ("Postal Service") employee and union representative, *pro se,* filed this action against defendant Anthony Frank, Postmaster General of the United States, alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17. Specifically, plaintiff claims that he was denied official time and compensation for time spent in representation of a union member at an Equal Employment Opportunity Commission ("EEOC") hearing and that this denial constituted reprisal discrimination. Defendant has filed motions both for summary judgment and for partial dismissal of plaintiff's claim. Defendant argues that he is entitled to summary judgment since plaintiff can neither make out a *prima facie* case of retaliation nor demonstrate that defendant's legitimate reason for the denial of compensation was pretextual. Defendant has also moved to dismiss plaintiff's prayer for liquidated damages arguing that such damages are not available under Title VII. The jurisdiction of this court is based on 28 U.S.C. § 1331. For the reasons stated below, we deny defendant's motion for summary judgment and grant his motion for partial dismissal.

I. *Facts And Prior Proceedings*

The facts outlined below are drawn both from the parties themselves and from the EEOC administrative proceedings.

As part of his union duties, plaintiff Cora has represented union members at labor grievances and hearings before the EEOC. Maria de Lourdes Diaz designated plaintiff as her representative at the time she filed a formal administrative complaint in September, 1986 against the Postal Service claiming sexual harassment by Francisco Diaz, a Postal Service supervisor. Plaintiff continued as Ms. Diaz's sole representative until mid-December, 1987 when she wrote to the

EEOC Administrative Judge ("AJ") informing him that, while plaintiff was her representative, an attorney, William Santiago–Sastre, had been added "to our team." (Docket Document No. 7, *Exhibit 1*, Attachment 1). At the January 4, 1988 administrative hearing in Ms. Diaz's case, the AJ referred to plaintiff as Ms. Diaz's "advisor" while referring to Santiago as her "representative." (*Id.*, Attachment 2). During the hearing Diaz, the alleged supervisor who harassed Ms. Diaz, gave testimony.

Later that week, on Friday January 8, 1988, the following events transpired. As part of the ordinary payroll procedures, a Postal Service supervisor approved compensation for the hours spent by plaintiff at the hearing on January 4. Later in the day these hours were disapproved by the accounting manager for the agency. According to the administrative record, the accounting manager turned out to be the wife of the supervisor accused of the sexual harassment.

Plaintiff then filed a formal EEOC complaint on February 16, 1988. After various administrative proceedings,[1] an AJ with the EEOC issued a Recommended Decision. Using the analytical framework enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the AJ found that plaintiff did, in fact, establish a *prima facie* case of reprisal discrimination in that: (1) plaintiff had engaged in Title VII protected activity and defendant was aware of plaintiff's participation; (2) plaintiff was disadvantaged by the employment action taken by defendant; and (3) a causal connection was established between the retaliatory motive and the adverse employment action. The AJ went on to find that defendant did articulate a legitimate reason for denying plaintiff compensation, that is, the Postal Service's policy of not compensating technical advisors. However, the AJ also ruled that defendant's stated reason was a pretext for reprisal discrimination based on the following grounds. First, the AJ analyzed the postal directive relating to postal employees serving as representatives and found that the basis for the policy was to ensure that no more than one employee would be allowed official time (and therefore compensation) for the time spent assisting at labor grievances or EEOC hearings. Second, the AJ found that the agency's policy of compensation has not been implemented in a consistent manner in that, both prior and subsequent to the hearing in question, plaintiff has been compensated as the representative even though private attorneys were also representing the employees. From this fact the AJ drew the inference that plaintiff, *in this case*, was not compensated as a result of reprisal discrimination. Finally, the AJ examined the relationships of the parties and the time sequence involved and concluded that, where the party who suffered the adverse employment decision (plaintiff) had four days earlier represented a fellow employee who, in turn, was accusing a supervisor of sexual harassment, and where it was this latter supervisor's spouse who abruptly ordered the adverse employment action against plaintiff, there was strong and direct evidence that defendant's stated reason was pretextual. The AJ recommended a finding of reprisal discrimination and that the agency fully compensate plaintiff for the time spent at the hearing.

However, in a letter dated April 27, 1990, the regional director of Human Resources for the Postal Service ruled that the AJ erred in finding that plaintiff had established a *prima facie* case of reprisal discrimination. (Docket Document No. 13, *Exhibit 1*). Specifically, the agency found no causal connection between the decision

---

1. The April 9, 1990 AJ's Recommended Decision reviewed the ebb and flow of the administrative proceedings. (Docket Document No. 9, *Exhibit 1* at 1–2). Without going into too much detail, we note that plaintiff's complaint had resulted in two Final Agency Decisions ("FAD") which were subsequently deemed improper by the Commission Office for Review and Appeals ("ORA"). ORA remanded for further investigation. Thereafter on August 21, 1989, the Agency issued a proposed disposition finding no discrimination to which plaintiff took exception. Plaintiff then requested a hearing while the Postal Service requested that an AJ be assigned to conduct the hearing.

not to compensate plaintiff and his prior EEOC involvement. Also, the agency ruled that, even if plaintiff could establish a *prima facie* case, the Postal Service supervisors were simply carrying out a national policy of not compensating technical advisors, a legitimate non-discriminatory reason. Finally, the decision concluded by summarily stating that there was no evidence of pretext or discriminatory intent on the part of the agency. The complaint was closed with a finding of no discrimination.

It was after this final decision that plaintiff commenced the present action in federal court.

## II.  *Discussion*

### A.  *Summary Judgment Motion*

#### 1.  *Standard for Summary Judgment*

Defendant has made a motion for summary judgment pursuant to Fed.R.Civ.P. 56. A court should grant a motion for summary judgment "if the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894 (1st Cir.1988). The two inquiries which the court must make before granting or denying a motion for summary judgment relate to the *materiality* and the *genuineness* of the factual dispute. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Sheinkopf v. Stone*, 927 F.2d 1259 (1st Cir.1991); *Local No. 48, United Brotherhood of Carpenters & Joiners v. United Brotherhood of Carpenters & Joiners*, 920 F.2d 1047, 1050 (1st Cir.1990); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990).

In order to determine whether the factual dispute between the parties is "material," the substantive law will identify which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Sheinkopf*, 927 F.2d at 1262; *See* generally 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2725 at 93–95 (1983). Therefore, the law relating to reprisal discrimination under Title VII will provide the substantive basis for determining which facts are "material" in this case.

The second determination relates to the "genuineness" of the dispute about the material facts. In *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510, the court explicitly stated that a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." It is not required that the party opposing summary judgment, in asserting the existence of an issue of material fact, resolve it conclusively in order to proceed to trial, but rather that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial," *First Nat. Bank v. Cities Service Co.*, 391 U.S. 253, 288–289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). thereby resolving the factual issues "before the related legal issues can be decided." *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Sheinkopf,* 927 F.2d at 1262.

Further, when a motion for summary judgment is made, it is important to be precise as to the parties' burdens of production and persuasion.

> The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. [cites omitted]. This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party. [cite omitted]. The court need not decide whether the moving party has satisfied its ultimate burden of persuasion until the Court finds that the moving party has discharged its initial burden of production. [cites omitted].

*Celotex Corp v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); 10A Wright, Miller & Kane § 2727. The initial burden of production imposed on the moving party is to make a *prima facie* showing that it is entitled to summary judgment and, where it is the moving party who will have the burden of persuasion at trial, the motion must be supported by credible evidence "that would entitle it to a directed verdict if not uncontroverted at trial." *Celotex,* 477 U.S. at 331, 106 S.Ct. at 2557. Only then does the burden of production shift to the party opposing the motion. Where it is the nonmoving party who will have the burden of persuasion at trial, the moving party may satisfy Rule 56's burden of production in one of two ways.

First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* 10A Wright, Miller & Kane § 2727, pp. 130–131; Louis, *Federal Summary Judgment Doctrine: A Critical Analysis,* 83 Yale L.J. 745, 750 (1974).

*Celotex,* 477 U.S. at 331, 106 S.Ct. at 2557. When the moving party chooses the second option and moves for summary judgment on the ground that the nonmoving party—who will bear the burden of persuasion at trial—has no evidence, the moving party "must affirmatively show the absence of evidence in the record." *Celotex,* 477 U.S. at 331–32, 106 S.Ct. at 2557. Throughout this analytical process, any doubt as to the existence of a genuine issue of fact should be resolved *against* the moving party, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970), and courts "must review the evidentiary record in the light most hospitable to the nonmovant and must indulge all reasonable inferences in his favor." *Sheinkopf,* 927 F.2d at 1262.

## 2. *Application of Standard*

■ Here, after examining defendant's motion and the supporting documentation, it is clear that genuine issues of material fact remain for trial.

The parties dispute whether plaintiff, in fact, was acting as a technical advisor or as the complainant's representative at the January 4, 1988 hearing. Defendant argues that plaintiff was acting as a technical advisor and, as such, was not entitled to official time and compensation for the time spent at the hearing. In support of his position, defendant has submitted an affidavit of Felix Silva, manager of labor relations for the Caribbean Division of the Postal Service, who represented the agency at Ms. Diaz's hearing. Silva stated that, at the hearing, after having both plaintiff and attorney Santiago address remarks to the AJ, he asked which of the two was going to be the spokesperson during the hearing at which point it was decided that attorney Santiago would act as "spokesperson" and that plaintiff would remain as the technical advisor. According to Silva, this exchange took place off the record. (Docket Document No. 7, *Exhibit 1* at 2). Also submitted is that portion of the hearing transcript where the AJ simply noted the presence of attorney Santiago as complainant's representative and plaintiff as her advisor (*Id.,* Attachment 2). Defendant has also submitted Postal Service guidelines (*Id., Exhibit 2*) and an EEOC decision (*Id., Exhibit 3*) relating to the issue of official time for agency employees who serve as representatives and technical advisors at administrative proceedings involving employee complaints.

Defendant's interpretation of the technical advisor/official representative is disputed by the AJ who concurred with plaintiff's interpretation of the Postal Service directive. According to plaintiff, the purpose for limiting to one the number of employees who could serve as official representatives and be eligible for official time and compensation as described in 29 C.F.R. § 1613.214(b) is to balance the right of the aggrieved employees to have their choice of representative with the right of agency

management to ensure that the work for which the employees were hired will be completed. Where a private attorney *and* a fellow employee both represent an aggrieved employee, there is no added expense or disruption. Therefore, where only one fellow employee attends such proceedings, official time should be granted. Plaintiff also submitted an affidavit, apparently a document used in the administrative proceedings, arguing that the Postal Service's interpretation of the regulation is erroneous. At trial, after hearing evidence and making determinations of credibility, this court will have to decide first whether attorney Santiago in fact, replaced plaintiff as the official representative, and, if we do so decide that plaintiff was replaced for the day of the hearing, we will then have to decide which party's interpretation should be given to the federal regulation. Also, whether the Postal Service guidelines have been applied consistently will have to be resolved before a determination can be made as to whether defendant's legitimate nondiscriminatory reason was, in fact, a pretext for reprisal discrimination against plaintiff.

Both parties have met their Rule 56 burdens of production. Reviewing the evidentiary record in the light most favorable to the plaintiff, we find that defendant has failed to meet his Rule 56 burden of persuasion. Therefore we deny defendant's motion for summary judgment.

### B. *Motion To Dismiss*

■ Defendant has also moved to dismiss that portion of plaintiff's claim seeking liquidated damages arguing that such damages are not available under Title VII.

We need not tarry long on this point. The law of this circuit is clear that, in Title VII cases, plaintiffs cannot recover compensatory or punitive damages. *Cumpiano v. Banco Santander Puerto Rico*, 902 F.2d 148, 159 (1st Cir.1990); *Rosario–Torres v. Hernández–Colón*, 889 F.2d 314, 321 (1st Cir.1989) (en banc); *accord De Grace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir.1980) (collecting cases).

We therefore dismiss that part of plaintiff's complaint seeking liquidated damages.

### III. *Conclusion*

In sum:

We DENY defendant's motion for summary judgment.

We GRANT defendant's motion for partial dismissal of plaintiff's complaint as to the cause of action seeking liquidated damages.

IT IS SO ORDERED.